IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02011-WDM-MEH

MICHAEL J. EVANS and
ELIZABETH EVANS,

    Plaintiffs,

v.

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    This matter comes before the Court as the parties' discovery dispute continues. The Court held a status conference regarding discovery on April 29, 2010, and determined it would issue an order identifying with specificity those documents which Defendant is hereby required to produce. After hearing arguments from both sides and after review of the record, the Court **ORDERS** as follows:

*1.* *"Claim Standards" from Defendant's iConnect site, in hard copy and via access to iConnect*

    Defendant shall produce, in hard copy, a complete printed version of the "Claim Standards" as made available to Hartford claim representatives. Until an appropriate protective order is in place, the Court will not entertain a request from Plaintiffs to access Defendant's asserted proprietary internal iConnect system. If Defendant in good faith believes that portions of the "Claim Standards" are privileged or otherwise protected, Defendant shall redact or withhold that information, record the withholding on a privilege log, and produce the privilege log with the "Claim Standards" to Plaintiff.

**2.   *Other on-line material made available to Hartford's adjuster through iConnect, Intracorp, and Job Aids***

Defendant shall produce, in hard copy, a complete printed version of the documentation in Intracorp and Job Aids. The Court has already addressed the "Claims Standards" through iConnect. Until an appropriate protective order is in place, the Court will not entertain a request from Plaintiffs to access Defendant's asserted proprietary internal iConnect system, or any other internal system. If Defendant in good faith believes that portions of the Intracorp and Job Aids documents are privileged or otherwise protected, Defendant shall redact or withhold that information, record the withholding on a privilege log, and produce the privilege log with the Intracorp and Job Aids documents to Plaintiff.

**3.   *Documents referenced in the "Compliance Matrix": Bulletins, Unfair Practices, Settlement Matrix***

Defendant shall produce the Bulletins discussing the Colorado unreasonably delay statute, C.R.S. §§10-3-1115 and 1116, as pled in Plaintiff's Complaint. Defendant shall produce the Unfair Practices documentation in its entirety.

Regarding the Settlement Matrix, the Court declines to order production of the matrix before the entry of a protective order. The Court does recognize that discovery of settlement authority can lead to relevant evidence in a first-party bad faith lawsuit; however, due to the confidential nature of settlement preparation and discussion the Court refrains until proper protections are in place.

**4.   *"Claim Manual" if used at or before December 2009 - separate from the "Best Practices" documents***

Upon representation by Defendant that a reference to a "Claim Manual" was made in mistake, and that the "Claim Manual" is indeed the "Claim Standards," the Court directed disclosure of such "Claim Standards" in paragraph one of this order. Regarding the Best Practices documents, the Court agrees that Plaintiffs are in the better position to determine the relevance of certain

discovery to their claims. Therefore, the Court orders production of the entirety of the Best Practices documents made available to Hartford claim representatives.

5. ***Workbook for Hartford representatives and Liability Webinar***

Defendant shall produce the entirety of the Workbook, including page 22, and the Liability Webinar in hard copy. Although Defendant represents such materials have been produced, Plaintiffs identify certain discrepancies in numbering and references made in other disclosed materials. Defendant shall respond to these discrepancies as part of this disclosure.

6. ***The Webinar slide regarding reserve***

Defendant shall produce a hard copy of the visual cue regarding the reserve Webinar slide, similar to its production of the visual cue for the slide regarding General Damages Polling.

7. ***BIEW procedure and training material***

Defendant shall produce the BIEW procedure and training materials, as applied to Plaintiffs' claim until the claim was determined to require HO reporting.

8. ***Settlement Authority and Negotiation screens, BI Evaluation & Resolution Plan Form, CI Injury Screens,*** *and*

9. ***Any and all completed screens in the Claims Innovation electronic claim file***

Defendant shall produce the electronic Claim File <u>in its entirety</u>, including any screens linked to information and linked forms within the electronic Claim File.

THE COURT FURTHER ORDERS:

As stated on the record on April 29, 2010, the parties are to submit a motion for the entry of a protective order and an accompanying proposed protective order at or before the noon hour on Friday, **May 7, 2010**. If the parties cannot agree on the form of the protective order, the parties shall submit their respective proposed protective orders and the Court will make an appropriate determination.

Defendant shall produce all documents as ordered on or before **May 14, 2010**. If Defendant asserts it has already produced certain documents referred to in this Order, Defendant shall direct Plaintiff to the correct Bates numbers of those documents.

The Court declines at this time to consider sanctions. However, non-compliance with any Order of this Court may result in the imposition of sanctions.

Dated at Denver, Colorado, this 30th day of April, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge