IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02011-WDM-MEH

MICHAEL J. EVANS, and
ELIZABETH EVANS,

    Plaintiffs,

v.

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

---

**PROTECTIVE ORDER**

---

THIS MATTER the Court upon the parties' request for Protective Order; and being fully apprised in the premises,

IT IS HEREBY ORDERED as follows:

1. Plaintiff Michael J. Evans' medical records and medical information from both before and after the commencement of this litigation shall remain private and confidential and shall not be disseminated to third parties, (other than experts who agree to be bound by these privacy and confidentiality provisions), entered on any outside data bases, or used for any purposes outside the defense of this action. This information shall be deemed and treated as "Confidential."

2. To the extent either party believe some of the claim manuals, videos, dvds, programs, training materials, procedure manuals, and memorandums pertaining to Colorado claim handling in effect, used, made available, or issued at any time from 2005 through 2009 to or by persons operating on behalf of Defendant, as

well as other documents that may be produced during the course of litigation, contain proprietary or confidential information, those documents are to be stamped "Confidential."

3. A party may object to the designation of a particular "Confidential" document by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The designating party shall then file an appropriate motion with the supporting documentation that would allow the Court to determine whether the disputed information is proprietary or trade secret and subject to the terms of this Protective Order within ten (10) days of written objection. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

4. The documents and materials designated "Confidential" shall be information that is confidential and implicates common law and statutory privacy interests of: (a) current or former employee of Defendant or related entities; (b) proprietary and/or trade secret information regarding Hartford or related entities; (c) medical or other private and/or confidential information pertaining to Plaintiffs; or (d) otherwise qualifies as confidential information. "Confidential" information shall

not be disclosed or used for any purpose except the preparation and trial of this case.

5. If a deposition involves disclosure of "Confidential" information, the portions thereof involving "Confidential" information may be designed as confidential and subject to the provisions of this Protective Order. Designation of "Confidential" information shall be as set forth in paragraphs 4 and 5 herein (including time limitation for responding to written objection) by notification to other party, identifying page numbers and lines of depositions so designated.

6. The parties agree to follow the procedures set forth in D.C.Colo.L.CivR. 7.2 and 7.3 regarding the filing of documents under seal with respect to "confidential" documents.

7. All persons, including but not limited to expert witnesses, provided confidential information are to be bound by this Order and shall sign a copy of this Order acknowledging they are bound by it before any confidential documents are produced to them.

8. After expiration of time for appeal to the highest applicable court or after settlement of this case, counsel for each party shall send a letter to opposing counsel indicating that the "Confidential" documents of the opposing party produced during this litigation in their and their client's possession have been, to the extent legally possible and practicable, destroyed and removed from all of their respective data bases and that retained experts have been advised that they are obligated to destroy documents marked "Confidential" within thirty (30) days

of the above-referenced time. All "Confidential" documents shall remain confidential until they are destroyed.

ENTERED this 12th day of May, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED AS TO FORM:

| *[Original signature on file at WELLS, FIRM OF* | *[Original signature on file at THE LAW* |
| *ANDERSON & RACE, LLC]* | *WILLIAM BABICH, LLC]* |

s/ Geoffrey S. Race  
Geoffrey S. Race  
WELLS, ANDERSON & RACE, LLC  
1700 Broadway, Suite 1020  
Denver, CO 80202  
Phone: (303) 830-1212  
Email: grace@warllc.com  
**Attorneys for Defendant**

s/ William Babich  
William Babich  
LAW FIRM OF WILLIAM BABICH, LLC  
1125 Centerra Building  
1873 South Bellaire St.  
Denver, CO 80222-4359  
Phone: (303) 691-5222  
Fax: (303) 691-5136  
**Attorneys for Plaintiffs**